## Beneficial Mutual Savings Bank v. Kertis

*Peter S. Thompson,* for plaintiff.

*Stewart J. Berger,* for defendant Barbara E. Kertis.

GARB, *J.*, February 26, 1985—This is an action in mortgage foreclosure; defendant Barbara E. Kertis only has appealed from our entry of summary judgment against both defendants.

The pleadings consist of a complaint, an entry of appearance and answer filed on behalf of defendant Barbara E. Kertis only, a motion for summary judgment and an answer thereto. No appearance was entered on behalf of defendant George Kertis, Jr.

The complaint identified plaintiff and defendants and describes the mortgaged premises in question. The complaint asserts that defendants executed a mortgage on the described premises which was recorded in the office for the recording of deeds by and for Bucks County and which mortgage was assigned to plaintiff. Those allegations are admitted by the answering defendant. The complaint further asserts that the mortgage is in default on the monthly payments beginning on September 1, 1983 and that as a result thereof the entire principal balance, together with interest, attorney's fees, late charges and foreclosure search are due and owing. Answering defendant admits the default but demands proof regarding the acceleration provisions and further demands proof regarding the total balance due and owing.

The controversy in this case revolves around the question of whether the appropriate statutory notices were given by plaintiff prior to the institution of this foreclosure action. The complaint alleges that the notices as required by Act no. 6 of 1974, the Act of December 16, 1977, P.L. 326, 41 P.S. 401 et seq. and Act 91 of 1983, the Act of December 23, 1983, P.L. 385, 35 P.S. 1680.401c et seq. were provided. The answering defendant does not deny that they were sent but merely asserts that she did not receive them. It is our determination that the re-

quirements of each of these acts were met by plaintiff.

The relevant section of Act no. 6 is to be found in §403 thereof which provides in relevant part as follows:

"(a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such persons shall give the residential mortgage debtor notice of such intention at least 30 days in advance as provided by this section.

(b) Notice of intention to take action as specified in sub-section (a) of this section shall be in writing, *sent to the residential mortgage debtor by registered or certified mail at his last known address and, if different, at the residence which is the subject of the residential mortgage.*" (Emphasis supplied).

In this case the complaint asserts that such notice was given and a copy of the notice dispatched made a part of the complaint. The contents of that notice fulfilled the requirements of §403(c). Furthermore, it is asserted that the notice was dispatched to the address of the mortgaged premises and a certified mail receipt is likewise appended as an exhibit to the complaint. In her affidavit in opposition to the motion for summary judgment, the answering defendant asserts that at all relevant times she resided at the mortgaged premises. Therefore, we are satisfied that this record establishes that the required notice under Act 6 was given. As the italicized portion of §403 provides, the requirement is that the notice of intention in writing be sent to the residen-

tial mortgage debtor by registered or certified mail at his or her last known address or at the residence which is the subject of the residential mortgage. Here the record establishes that those requirements were met. The denial was not as to whether the written notices were sent, but rather whether answering defendant received them. We do not believe that this reply raises a question of fact regarding compliance with the provisions of the act.

The same observations apply with respect to Act 91 of 1983. Therein, in §402(c) it is provided in relevant part as follows:

"(a) Before any mortgagee may accelerate the maturity of any mortgage obligation covered under this article, commence any legal action including mortgage foreclosure to recover such obligation, or take possession of any security of the mortgage debtor for such mortgage obligation, such mortgagee shall give the mortgagor notice as described in §403(c). Such notice shall be given in a manner and form prescribed by the agency."

Section 403(c) heretofore referred to provides in relevant part as follows:

"(a) Any mortgagee who desires to foreclose upon a mortgage shall send to such mortgagor at his or her last known address the notice provided in subsection (b): . . ."

Once again, it is noteworthy that the legislature has provided that the obligation of the mortgagee is to "send" the notice as required.

In each of these statutes the legislature required only that the notice be sent either to the last known address, or to the mortgaged premises in the case of Act 6, and only that the notice be "sent" under the provisions of Act 91. Obviously, if the legislature had intended that the notice be actually delivered to the alleged defaulting debtors, then it could have

provided for personal service, proof of efforts to serve where the whereabouts of the alleged debtor are unknown, service by publication or service by posting upon the premises. The argument, of course, can be made that notices are meaningless unless they are delivered. On the other hand, the legislature may well have recognized that defaulting debtors on some occasions are not particularly amenable to the receipt of legal notices. That is not to say that in some cases, and perhaps in this one, the notice, although dispatched as required by law, was in fact not received by the alleged defaulting debtor. Act 6, in recognition of this possibility provides in §404 a right to cure the default at any time at least one hour prior to the commencement of bidding at a sheriff's sale. Under that section, the residential mortgage debtor or anyone in his or her behalf may cure the default and prevent sale of the property and avoid acceleration, if any, by tendering the amount of performance specified in sub-section (b). In that sub-section it is provided that a residential mortgage debtor may cure the default by payment or tender in the form of cash, cashier's check or certified check all sums which would have been due at the time of payment or tender in the absence of default and the exercise of any acceleration clause. We believe a reading of this section together with the notice sections demonstrates the legislative intent to achieve a balance between the lending institution's efforts to recover sums due on defaulted mortgages by recalcitrant and evasive debtors, and the protection of debtors who in good faith did not receive the notices but who desire and are able to cure the default.

We are satisfied that on this record summary judgment was appropriately granted.